UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE No. 8:09-CR-591-T-30TGW

AARON BRIAN SANDS

## ORDER

THIS CAUSE came on for consideration upon the Defendant's Motion to Strike Defense Counsel's Motion as Fraudulent (Doc. 30) and Second Motion for A. Fitzgerald Hall to Withdraw as Attorney (Doc. 31).

On May 19, 2010, the defendant requested that his attorney A. Fitzgerald Hall be allowed to withdraw as CJA counsel, which was denied (Docs. 28, 29). In his current motions, the defendant seeks to strike that Order and requests again to dismiss attorney Hall and appoint new CJA counsel, among other things (Docs. 30, 31). The defendant's motions do not reveal anything more than a poor relationship between the defendant and present counsel. As I previously pointed out to the defendant, the Sixth Amendment does not guarantee a right to counsel with whom the accused has a "meaningful attorney-client relationship." Morris v. Slappy, 461 U.S. 1, 1-2

(1983); Riley v. Florida Dept. Of Corrections, 2010 WL 1006603 at *4 (11th Cir. 2010). Furthermore, a change of attorney at this point would likely disrupt the sentencing scheduled for June 10, 2010. Accordingly, the defendant's motions will be denied.

It is therefore, upon consideration,

ORDERED:

That the Defendant's Motion to Strike Defense Counsel's Motion as Fraudulent (Doc. 30) and Second Motion for A. Fitzgerald Hall to Withdraw as Attorney (Doc. 31) be, and the same are hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this 8th day of June, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE